IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

QUINN AARON KLEIN, )
)
    Plaintiff, )
)
) CIV-09-1363-HE
v. )
)
ROBERT KING, et al., )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed this action pursuant to 42 U.S.C. § 1983. Plaintiff has also applied for leave to proceed *in forma pauperis* and requested the appointment of counsel. (Docs. # 2, 3). By Order entered December 15, 2009, United States District Judge Heaton referred the action to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed for improper venue and that the motion for appointment of counsel and the application for leave to proceed *in forma pauperis* be denied without prejudice.

In his Complaint filed December 14, 2009 (Doc. # 1), Plaintiff asserts that he is confined at the Oklahoma State Reformatory ("OSR") in Granite, Oklahoma. His Complaint, however, focuses entirely upon the conditions of his confinement at the Davis Correctional Facility ("DCF") where Plaintiff alleges he was previously in custody. Plaintiff

1

names as Defendants four correctional officials at DCF. Plaintiff sues these officials for damages and other relief for their actions or omissions under color of state law and in their individual capacities. Although Plaintiff's claims are not entirely clear, it appears he is challenging on due process grounds a disciplinary proceeding conducted at DCF and his subsequent transfer from DCF to OSR, alleging a denial of his access to courts based on a physical deprivation of his "legal work [he] needed from 8/25/09 to 10/22/09," and alleging Defendants have been deliberately indifferent to his need for safety and have "slandered" him by "saying [he] stabbed someone at CCA-CCF."

According to Plaintiff's allegations, the Defendants are employed and reside in Holdenville, Oklahoma, which is located in Hughes County, Oklahoma. Hughes County is situated within the confines of the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Thus, all of the Defendants named in this action reside within the confines of the Eastern District of Oklahoma, and all of the events forming the basis for this action allegedly occurred within the confines of the Eastern District of Oklahoma.

Because 42 U.S.C. § 1983 does not contain a specific venue provision, venue for a §1983 action is determined by the general venue statute, 28 U.S.C. § 1391(b). Under that statute, venue is clearly improper in this Court as no Defendant resides within the Western District and no events are alleged to have occurred within the Western District. 28 U.S.C. §1391(b). In "certain limited circumstances" where the defense of improper venue "is obvious from the face of the complaint and no further factual record is required to be

developed" and "it is clear that the plaintiff can allege no set of facts to support ..." venue, the Court has the authority under 28 U.S.C. § 1915(e) to *sua sponte* dismiss the cause of action. Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)(internal quotations and citation omitted).

In this action, Plaintiff can allege no set of facts to support venue in this judicial district under 28 U.S.C. § 1391(b). Therefore, the Court may exercise its discretion to dismiss the action. Although the Court may, in its discretion, transfer this matter to the proper district under 28 U.S.C. § 1406(a), the Court's discretionary authority to transfer a matter to another district is the preferred resolution when it is "in the interest of justice" to do so. In this case, Plaintiff has paid no filing fee, and the matter has only been pending in the Court for two days. Therefore, Plaintiff will experience no prejudice as a result of a dismissal of the action, as opposed to an order transferring the matter to another district. Accordingly, the interest of justice would not be furthered by a transfer of the matter to the Eastern District, and the cause of action should be dismissed without prejudice to its filing in the proper district, as authorized by 28 U.S.C. § 1915(e). See Johnson v. Christopher, 233 Fed. Appx. 852, 2007 WL 1446085 (10th Cir. May 17, 2007)(unpublished op.)(upholding *sua sponte* dismissal of action without prejudice for improper venue pursuant to 28 U.S.C. §1406(a) and 1391(b)).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the action be dismissed without prejudice to its filing in the proper district. It is further recommended that Plaintiff's

motion for leave to proceed *in forma pauperis* (Doc. # 2) and motion for appointment of counsel (Doc. # 3) be denied without prejudice to their renewal in an action filed in the proper district. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by    January 5th   , 2010, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  16th  day of   December  , 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE